448 A.2d 640

**COMMONWEALTH of Pennsylvania**

v.

**Jermiah Patrick SIMPSON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1981.

Decided July 9, 1982.

John Woodcock, Jr., Hollidaysburg, for appellant.

Oliver E. Mattas, Jr., Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

VAN der VOORT, Judge:

A jury found appellant guilty of kidnapping, indecent assault, simple assault, involuntary deviate sexual intercourse, recklessly endangering another person, terroristic threats, and crimes committed with a firearm. Post-trial motions were refused and appellant was sentenced to terms of imprisonment of 7½ to 20 years on both the charge of kidnapping and involuntary deviate sexual intercourse, the sentences to run concurrently to each other. As to the other charges the court imposed a total period of probation of 7 years to run consecutively to the period of incarceration.

This appeal raises four contentions as to alleged errors during the trial, and a fifth contention that a new trial should have been granted on the basis of after discovery evidence. We will discuss that last contention first.

According to the prosecution's witnesses, on May 25, 1977, between the hours of 1:00 P.M. and 2:30 P.M., appellant kidnapped at gun-point, the female victim from a shopping complex in Logan Township, Blair County. He took her in her own car into a hilly rural area where he forced her to submit to various sexual acts; and then drove back with the victim in the same car to the area from which they started. Appellant denied completely the kidnapping and the assaults.

After the return of the guilty verdicts, appellant filed post-trial motions. On July 25, 1978, he filed a Supplemental Motion for a New Trial and in Arrest of Judgment averring that one James Culley had "come forth and indicated that on the date of May 25, 1976 (corrected later to 1977) at or about the hour of 2:45 P.M.," he had had sexual relations with the victim with her consent.

■ Judge Campbell ordered a hearing to take testimony as to the Supplemental Motion, which took place on October 4, 1978. At that time appellant testified that he had become acquainted with Culley while incarcerated in the Blair County Prison before trial and Culley indicated he knew the victim and her brother. After the trial when appellant was again incarcerated Culley told him for the first time, that he had had intercourse with the victim on the day of the alleged kidnapping and assault at 2:30 to 2:45 P.M. Culley was called as a witness; he testified that he met appellant in the Blair County Prison, and had seen the victim "on different occasions". He refused to say anything more as to the victim on the ground it might tend to incriminate him. Appellant's trial counsel, William J. Haberstroh, testified that he had interviewed Culley in the prison; that Culley stated he had sexual relations, for money, with the victim in a wooded area behind the commercial complex at about 2:45 P.M. on the date in question. Culley had executed a notarized statement to the same effect, which was received into evidence. The Commonwealth presented evidence to the effect that Culley was at work at the time in question. *Commonwealth v. Mosteller*, 446 Pa. 83, 284 A.2d 786 (1971) sets forth the four criteria for evaluating after-discovered evidence. It must:

1) have been discovered after trial;

2) not merely be corroborative or cumulative;

3) not be used solely to impeach credibility; and finally

4) be of such nature and character that a different verdict would likely result, if presented at a new trial.

The trial court found that a "legitimate claim" could be made that Culley's alleged relationship with the victim, could satisfy the first three criteria, but it could not meet the fourth requirement. The court reasoned that the after-discovered evidence was hearsay, as Culley refused to reiterate it in court. There was no reason to believe that Culley would forego his invocation of his right against self-incrimination and testify if a new trial should be granted. The trial judge concluded that as such evidence would not be

available, a new trial was not warranted. The court refused to accept the appellant's suggestion that the Commonwealth forced Culley to testify by granting him immunity. This the court found unreasonable since Culley was a convicted burglar and due to the possibility that perjury may be involved. The evidence was deemed to be unreliable, of doubtful admissibility and would not result in a different verdict. (Opinion, pp. 6–7)

■ We find it unnecessary to determine whether appellant has met the first three prongs of *Mosteller.* The hearing judge was in a much better position than we are to evaluate the demeanor and credibility of the witnesses. In the circumstances of this case we find it appropriate to adopt the reasoning applied to recantation testimony: we will not disturb the lower court's decision absent a clear abuse of discretion. *See: Commonwealth v. Nelson,* 484 Pa. 11, 398 A.2d 636 (1979); *Commonwealth v. Coleman,* 438 Pa. 373, 264 A.2d 649 (1970). In light of the testimony's hearsay nature, and the court's questioning of the truthfulness of the evidence, we find no error in the court finding that a different verdict would not result.

■ Appellant also argues that the trial judge erred in admitting into evidence a revolver and a denim jacket identified by the arresting officers and by the victim. Appellant's argument fundamentally is that the victim's identification of both these articles was somewhat uncertain, and substantially damaged by cross-examination. We agree with the lower court that there was sufficient identification linking these items to appellant to justify their admission into evidence, even though the victim's testimony was based upon her statements that the articles looked like the articles appellant had and used. Appellant's claim goes to the weight of the evidence not its admissibility. See *Commonwealth v. Ford,* 451 Pa. 81, 301 A.2d 856 (1973); *Commonwealth v. Costanza,* 269 Pa.Superior Ct. 413, 410 A.2d 324 (1980); *Commonwealth v. Mangus,* 229 Pa.Superior Ct. 29, 323 A.2d 398 (1974).

Next, appellant argues that the trial judge erred in refusing a motion for mistrial because of an alleged improper remark of the prosecuting attorney during final summation.

There was some confusion in the testimony as to the color of the automobile that appellant had been driving when he first came in contact with the victim. The victim said the car was a bluish-green, but conceded that the police had told her the car was red. Appellant testified his car was red, and that his wife's car was white. In her final summation, the prosecuting attorney is stated to have said to the jury:

"[Y]ou will recall Mr. Simpson said his wife was driving a white car. His wife did not take the stand . . . ." (N.T., p. 263)

Appellant's trial counsel moved for a mistrial, arguing that the prosecuting attorney's comment was improper in that:

"[A]ny reference to the fact that the defendant did not call witnesses is totally improper and contrary to the law . . . . [T]he comments . . . are highly inflammable and extremely damaging to the impartiality of the jury." (N.T., p. 263)

Judge Campbell denied the Motion for mistrial, and instructed the jury:

"Based in the circumstances of this case, the court believes that there was no obligation or duty on the part of the defendant to call his wife as a witness, and that the jury shall not take any adverse inference from the failure of the defendant to call his wife as a witness, and further should disregard any remarks made by the District Attorney with respect to her not testifying." (N.T. 266)[1]

■ Whatever possible prejudice to the appellant may have resulted from such comment, was sufficiently neutralized by the court's instruction to the jury. *See Commonwealth v. Martinolich*, 456 Pa. 136, 149, 318 A.2d 680 (1974); compare, *Commonwealth v. Tumpson*, 242 Pa.Superior Ct. 1, 363 A.2d 1129 (1976).

1. The substance of this instruction was repeated by the trial judge in his closing charge. (N.T., 275, 276).

Next, appellant argues that the trial judge failed to instruct the jury as to the necessary elements of § 6103 of the Pennsylvania Crimes Code.

Appellant owned, and was licensed to carry two handguns (N.T., pp. 82, 221) one of which he was charged with using in the kidnapping of the victim. Among the crimes of which he was charged, and eventually convicted was 18 Pa.C.S.A. § 6103:

> "If any person shall commit or attempt to commit a crime of violence when armed with a firearm *contrary to the provisions of this subchapter*, he may, in addition to the punishment "provided for the crime, be punished also as provided by this subchapter."

(Emphasis supplied)

Appellant's position is that there was insufficient evidence to find that he violated any provision of the Pennsylvania Uniform Firearms Act, therefore he claims he could not have been convicted under § 6103. He further argues that the court's failure to recognize the above insufficiency prejudiced his trial to the point where a new trial, on all charges, should be granted.

 A defendant may not be convicted under § 6103, for that provision merely provides that a violation under Sub-Chapter 61 of the Crimes Code does not merge with a crime of violence for purposes of sentencing; it does not create a separate offense. *Commonwealth ex rel. Curry v. Myers*, 195 Pa.Superior Ct. 480, 171 A.2d 792 (1961); *Commonwealth v. Turner*, 265 Pa.Superior Ct. 486, 402 A.2d 542 (1979). Accordingly, we must vacate the judgment of sentence imposed under § 6103, as no evidence was presented as to any violation of the Uniform Firearms Act.

However, we find absolutely no merit to appellant's claim that he was so prejudiced by the submission of the charge under § 6103 that a new trial is necessary. The evidence clearly demonstrates that the kidnapping and related charges were accomplished by use or threatened use of a

firearm. Such menace to a victim is not affected by the fact that the actor is not in violation of the Uniform Firearms Act.

Appellant's final allegation of error regards the trial court's handling of an inquiry from the jury. After some period of deliberation, the jury submitted a sealed inquiry to the court, which read:

"How did you determine that Jeremiah (sic) Patrick Simpson was a suspect?" (N.T., p. 304)

The court answered that the question could not be answered by either counsel or by further inquiry of witnesses, and that the jury must answer the question based on the evidence that was presented at trial. (N.T., p. 305) Within a half hour the jury returned with its verdicts of guilty.

It is within the trial court's discretion to give further instructions to the jury when so requested by the jury. *Commonwealth v. Tolassi*, 489 Pa. 41, 413 A.2d 1003 (1980); *Commonwealth v. Kidd*, 251 Pa.Superior Ct. 140, 380 A.2d 416 (1977). As appellant has not referred us to any cases, nor have we discovered any by our own research, requiring the Commonwealth to explain the circumstances leading to a defendant becoming a suspect, we can find no abuse of discretion. Events leading to a suspicion of appellant's involvement were not pertinent to a determination of appellant's guilt.

The conviction for crimes committed with a firearm is vacated. The sentences on the remaining counts are affirmed. As the vacated sentence of probation was concurrent to the probation imposed on other charges and as it clearly did not influence the court in formulating the other sentences, a remand for resentencing is not necessary. *Commonwealth v. Short*, 278 Pa.Superior Ct. 581, 598, 420 A.2d 694 (1980).

Judgment of sentence affirmed in part and reversed in part.