459 A.2d 806

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Dorothy BOETTCHER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 10, 1982.

Filed April 15, 1983.

196

James Robert Protasio, Assistant Public Defender, Williamsport, for appellant.

Ellen Laura Cohen, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

198

PER CURIAM:

Appellant, Dorothy Boettcher, was convicted by a jury of simple assault, aggravated assault, recklessly endangering another person and violating the Pennsylvania Uniform Firearms Act. Following the denial of post-verdict motions, appellant was sentenced to one to three years imprisonment for aggravated assault and one to two years imprisonment for the remaining charges, to run concurrently. In this appeal, appellant argues that (1) the evidence was insufficient to sustain her convictions, and (2) the lower court erred in not granting her motion for a continuance so that privately-retained counsel could prepare her case. For the following reasons, we reverse the judgment of sentence for violating the Pennsylvania Uniform Firearms Act, vacate the judgments of sentence for simple assault and recklessly endangering another person and affirm the judgment of sentence for aggravated assault.

In deciding the sufficiency of evidence, we must accept as true all the evidence, and the reasonable inferences therefrom, upon which the factfinder could have based its verdict and then ask whether that evidence, viewed in a light most favorable to the Commonwealth as verdict winner, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Parker*, 494 Pa. 196, 198, 431 A.2d 216, 217 (1981); *Commonwealth v. Stockard*, 489 Pa. 209, 212–213, 413 A.2d 1088, 1090 (1980). It is settled law that while guilt may be proved by direct or circumstantial evidence, it may not rest upon mere suspicion or conjecture. *Commonwealth v. Gray*, 297 Pa.Super. 123, 125, 443 A.2d 330, 331 (1982); *Commonwealth v. Jones*, 291 Pa.Super. 69, 72, 435 A.2d 223, 225 (1981); *Commonwealth v. Beauford*, 286 Pa.Super. 297, 300, 428 A.2d 1000, 1002 (1981). Using this standard, the facts adduced at appellant's trial may be summarized as follows.

On October 2, 1980, at approximately 2:30 a.m., Tami Crouser arrived in front of appellant's apartment building in Williamsport, Pennsylvania with Brenda Summers and Herbert Foster, Jr. While Summers and Foster went inside

appellant's apartment for a party, Crouser remained in her car asleep. Two hours later, she awoke and went inside appellant's apartment to use the bathroom. When Crouser emerged, appellant grabbed her and told her to leave. The pair wrestled on the floor until their scuffle was broken up by a party guest. Crouser then left the apartment and re-entered the car.

Shortly thereafter, Crouser, who wanted to leave, realized that Brenda Summers had her keys. She approached appellant's apartment only to find appellant in the doorway, pointing a gun. Crouser ran into appellant's bathroom and shut the door. Appellant remained outside the bathroom yelling for Crouser to get out. Crouser was able to escape only when Brenda Summers lured appellant away from the bathroom door.

Crouser, Summers and Foster returned to Crouser's car and tried to leave; Summers was in the driver's seat, Crouser in the front passenger's seat and Foster in the middle. Appellant approached the passenger's side of the car and, reaching through the open window, hit Crouser in the head with her gun. She then turned and twice fired her gun into the air. Again turning to the car, appellant smacked Crouser, with her hand, in the side of the neck and back of the head. Before appellant left, she fired a parting shot in the air.

As a result of being pistol-whipped by appellant, Crouser received ten stitches in her cheek and four or five in her forehead.

Testifying in her own defense, appellant acknowledged that, after the altercation with Crouser inside the apartment, she grabbed a gun and started waving it in an attempt to get her party guests to leave. She claimed, however, that she hit Crouser with the gun only after Crouser hit her first and, furthermore, that this episode occurred inside her apartment. Once Crouser was outside in her car, appellant stated that she never hit her with a gun. Finally, appellant admitted that while she did fire her

gun several times in the air, she was standing inside her building, and not by Crouser's car.

In this appeal, appellant claims that the evidence was insufficient to support the verdicts because Crouser's testimony was contradicted by that of two other Commonwealth witnesses. Specifically, appellant argues that the testimony of those witnesses supports her theory that the altercation which resulted in Crouser's injuries occurred inside the apartment building and not by Crouser's car. It is, of course, true that "where evidence offered to support guilt of a crime is so unreliable and/or contradictory as to make a verdict based thereon pure conjecture rather than the product of reasonable reconciliation, an appellate court is justified in concluding that it was reversible error to allow the jury to return a guilty verdict based thereon." *Commonwealth v. Cristina*, 481 Pa. 44, 51, 391 A.2d 1307, 1310 (1978), *cert. denied*, 440 U.S. 925, 99 S.Ct. 1255, 59 L.Ed.2d 479 (1979). However, it is also true that "variances in testimony ... go to the credibility of witnesses and not the sufficiency of the evidence." *Commonwealth v. Galloway*, 495 Pa. 535, 539, 434 A.2d 1220, 1222 (1981). Since the credibility of witnesses and the weight to be accorded their testimony is within the province of the factfinder, not the court reviewing the record on appeal, *Commonwealth v. Farquharson*, 467 Pa. 50, 59–60, 354 A.2d 545, 550 (1976), we find no basis to disturb the jury's determination that the evidence was sufficient to support appellant's convictions of aggravated assault, simple assault and recklessly endangering another person.

We must, however, reverse appellant's judgment of sentence for violating the Pennsylvania Uniform Firearms Act.[1] Appellant was specifically charged with violating 18 Pa.C.S.A. § 6103. That section provides as follows:

1. Although appellant did not raise a specific challenge to the propriety of her conviction under 18 Pa.C.S.A. § 6103, we nonetheless address that claim in light of the importance of assuring that an accused is not found guilty of an offense which is not even a crime in Pennsylvania.

§ 6103 Crimes Committed With Firearms.

If any person shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provisions of this subchapter, he may, in addition to the punishment provided for the crime, be punished also as provided by this subchapter.

In *Commonwealth v. Simpson*, 302 Pa.Super. 287, 293, 448 A.2d 640, 643 (1982) (citations omitted), we stated "[a] defendant may not be convicted under § 6103, for the provision merely provides that a violation under Sub-Chapter 61 of the Crimes Code does not merge with a crime of violence for purposes of sentencing; it does not create a separate offense." Accordingly, the judgment of sentence imposed for violating 18 Pa.C.S.A. § 6103 is reversed.[2]

■ Appellant's second argument is that the lower court erred in denying her motion, made immediately before trial was to begin, for a continuance so that privately-retained counsel could prepare her case. The fact that such a motion was made is stated in the briefs of the litigants and in the opinion of the lower court. Our review of the record fails to show any transcribed proceedings of appellant's continuance request. Ordinarily, we would decline to review this issue since we cannot consider facts outside the record. *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974). In the interest of judicial economy, and because the issue has been briefed by the litigants and

Cf. *Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 441 A.2d 750 (1981).

2. In *Simpson*, we vacated the judgment of sentence under 18 Pa.C.S.A. § 6103 "as no evidence was presented as to any violation of the Uniform Firearms Act." 302 Pa.Super. at 293, 448 A.2d at 643. We think this statement erroneously implies that an accused can be convicted under 18 Pa.C.S.A. § 6103 in the event he is also found guilty of another violation of the Pennsylvania Uniform Firearms Act. Our understanding of 18 Pa.C.S.A. § 6103 is that one may never be convicted under that provision of The Crimes Code, notwithstanding the existence of another firearms charge under 18 Pa.C.S.A. § 6101 *et seq. See Commonwealth v. Turner*, 265 Pa.Super. 486, 402 A.2d 542 (1979). Rather, 18 Pa.C.S.A. § 6103 establishes only that the sentence for firearms violation will not merge with the sentence for a crime of violence.

202

discussed by the lower court, we nonetheless address it here. *Commonwealth v. Nelson*, 311 Pa.Super. 1, 456 A.2d 1383 (1983).

Appellant was represented by the public defender's office from soon after her October, 1980 arrest until the time of her March, 1981 trial. At no time during that period did she indicate any desire to obtain private counsel. Instead, on the day trial was to begin, appellant first stated that she had borrowed money from friends and hired a private attorney. It is unclear, since we lack a transcription of appellant's continuance motion, whether her request was instigated by any specific disagreement with the public defender or simply reflected a desire to have another attorney. In any event, the lower court denied appellant's request and trial commenced with appellant being represented by the public defender.

 It is clear that a person charged with a crime has a constitutional right to the assistance of counsel which includes the right to a reasonable opportunity to obtain counsel of his or her own choice. *Commonwealth v. Kittrell*, 285 Pa.Super. 464, 467, 427 A.2d 1380, 1381 (1981); *Commonwealth v. Andrews*, 282 Pa.Super. 115, 122, 422 A.2d 855, 858 (1980). That right, however, is not absolute. As we stated in *Commonwealth v. Atkins*, 233 Pa.Super. 202, 207–08, 336 A.2d 368, 371–372 (1975) (citations omitted):

[T]he desirability of permitting a defendant additional time to obtain private counsel of his choice must be weighed against the public need for the efficient and effective administration of justice. The matter of continuance is traditionally one within the discretion of the trial judge, and no prophylactic rule exists for determining when a denial of a continuance amounts to a violation of due process. Each case must be decided by balancing the competing interests, giving due regard to the facts presented. "[I]t is not every denial of a request for more time that violates due process even if the party fails to

offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

Under the circumstances of this case, we cannot say that the lower court abused its discretion in denying appellant's request for a continuance.

As we have stated, appellant was represented up until trial by the public defender. It was not until the day trial was to begin that she indicated that she now had the money for and had hired a private attorney. We have repeatedly condemned the practice of waiting until the day of the trial to request a continuance for the purpose of obtaining a new attorney. *Commonwealth v. Nicolella*, 307 Pa.Super. 96, 452 A.2d 1055 (1982); *Commonwealth v. Kittrell, supra; Commonwealth v. Andrews, supra.* It is, furthermore, clear from a review of the record that the public defender was well-prepared for trial and, in fact, afforded appellant a vigorous and well-conceived defense. In any event, appellant apparently was not altogether denied the assistance of counsel of her choice. According to the lower court, when appellant's proposed private attorney appeared in the courtroom during jury selection, the court advised him that he could begin participation in the trial immediately. He declined to do so. (Opinion of lower court at 4).

Finally, the lower court carefully considered other significant factors in denying appellant's continuance request. First, trial commenced on March 2, 1981, only twenty-nine days before the expiration of the Pa.R.Crim.P. 1100 run date. *Compare Commonwealth v. Nicolella, supra* (continuance request made well within the Pa.R.Crim.P. 1100

period for trial). Second, as the lower court's opinion states, the Commonwealth was ready on March 2nd to proceed with its witnesses, several of whom were not local residents. (Opinion of lower court at 3–4). These circumstances further convince us that the lower court acted properly in denying appellant's continuance request.

The lower court erred, however, when it imposed separate sentences for aggravated assault, simple assault and recklessly endangering another person.[3]

[I]n merger of sentences cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be merger and only a single sentence may be imposed, or more than a single act, in which case there will be no merger and a sentence may be imposed for each act.

*Commonwealth v. Crocker*, 280 Pa.Super. 470, 475, 421 A.2d 818, 820–821 (1980).

Here, appellant was specifically charged as follows:

(1) Simple Assault, 18 Pa.C.S.A. § 2701(a)(1) ("in that she attempts to cause, or intentionally, knowingly or recklessly causes bodily injury to Tami Marie Krauser, White female 21 years, to wit: she did strike the body of Tami Marie Krauser with hands, fists and hand gun causing laceration to face and neck areas.")

(2) Aggravated Assault, 18 Pa.C.S.A. § 2702(a)(1) ("in that she attempts to cause serious bodily injury to Tami Marie Krauser or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. to wit:

---

**3.** Although appellant did not argue merger, this issue is not waived. *Commonwealth v. Franklin*, 306 Pa.Super. 422, 430 n. 4, 452 A.2d 797, 801 n. 4 (1982); *Commonwealth v. Moore*, 300 Pa.Super. 488, 446 A.2d 960, 963 (1982).

she did, armed with a hand gun point, at Tami Marie Krauser, white female, 21 years.")

(3) Recklessly Endangering Another Person, 18 Pa.C. S.A. § 2705 ("in that she recklessly engages in conduct which places or did place Tami Marie Krauser, white female, 21 years in danger of death or serious bodily injury. to wit: she did, armed with a hand gun point, at Tami Marie Krauser, white female, 21 years")

Applying the doctrine of merger to the facts of this case, which have already been recounted in great detail, we hold that simple assault and recklessly endangering another person were constituent offenses of aggravated assault and, for sentencing purposes, merged with the more serious offense. *See Commonwealth v. Williams,* 290 Pa.Super. 209, 434 A.2d 717 (1981) (aggravated assault and reckless endangerment); *Commonwealth v. Cavanaugh,* 278 Pa.Super. 542, 420 A.2d 674 (1980) (simple assault merges into aggravated assault and reckless endangerment).[4] Accordingly, we vacate the judgments of sentence for simple assault and recklessly endangering another person. Because, however, the concurrent sentences imposed for the merged offenses did not influence the sentence imposed for the principal crime of aggravated assault, we need not remand for resentencing. *Commonwealth v. Moore,* 300 Pa.Super. 488, 446 A.2d 960, 963 (1982); *Commonwealth v. Cadogan,* 297 Pa.Super. 405, 409, 443 A.2d 1185, 1187 (1982).

Judgment of sentence for violating the Pennsylvania Uniform Firearms Acts reversed. Judgments of sentence for simple assault and recklessly endangering another person vacated. Judgment of sentence for aggravated assault affirmed.

**4.** In a case such as this, where appellant caused injury to one victim and also discharged a gun into the air in the presence of others, we might be reluctant to apply merger. *See, e.g., Commonwealth v. Lawton,* 272 Pa.Super. 40, 414 A.2d 658 (1979). However, we note that appellant was not specifically charged with reckless endangerment for pointing or discharging the gun in the presence of others; rather, she was charged with that offense only for her act of pointing the gun at Tami Crouser.