J-A17008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARL SMITH | |
| Appellant | No. 2178 EDA 2013 |

Appeal from the Judgment of Sentence March 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008870-2011

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 16, 2014**

Appellant, Carl Smith, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for first-degree murder, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possessing instruments of crime;[1] and bench trial conviction for persons not to possess firearms.[2]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts of this case.  Therefore, we have no reason to restate them. Procedurally, the Commonwealth charged Appellant with murder, attempted

_____

[1] 18 Pa.C.S.A. §§ 2502(a); 6106(a)(1); 6108; 907(a), respectively.

[2] 18 Pa.C.S.A. § 6105.

murder, aggravated assault, recklessly endangering another person, persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possessing instruments of crime. Appellant retained private counsel to represent Appellant at his preliminary hearing. Following the preliminary hearing, however, Appellant lacked funds to retain private counsel for trial. Subsequently, the court assigned "appointed counsel" on August 30, 2011. Appointed counsel represented Appellant through all pre-trial proceedings since his appointment.

On February 19, 2013, one month before Appellant's scheduled trial date of March 18, 2013, private counsel appeared before the court at a status listing conference and informed the court Appellant had retained him as counsel for trial. Nevertheless, private counsel stated he was unable to proceed to trial as scheduled, due to his caseload. The court told private counsel that trial would not be delayed, and private counsel should enter his appearance only if he would be ready for trial as scheduled. Private counsel did not enter his appearance. Meanwhile, appointed counsel continued to represent Appellant until the scheduled trial date. Between the status listing conference and trial, Appellant made no further attempts to secure private counsel for trial.

On March 18, 2013, the first day of trial, private counsel and appointed counsel appeared before the court and again stated Appellant's

request to go forward with private counsel. The court asked private counsel if he was prepared to begin trial that day, and private counsel said he was not. Consequently, the court told the parties that trial would begin as scheduled, and Appellant commenced trial with appointed counsel.

On March 25, 2013, the jury convicted Appellant of first-degree murder, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possessing instruments of crime; and the court convicted Appellant of persons not to possess firearms.[3] That same day, the court sentenced Appellant to life imprisonment for the first-degree murder conviction and imposed no further penalty for the remaining convictions. Appellant timely filed post-sentence motions on March 28, 2013, which he amended on June 27, 2013.[4] The court denied Appellant's post-sentence motions by operation of law on July 29, 2013, and Appellant timely filed his notice of appeal that same day. On August 2, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his concise statement on August 7, 2013.

Appellant raises the following issues for our review:

---

[3] The court entered *nolle prosequi* on the remaining charges at the Commonwealth's request.

[4] Private counsel represented Appellant for post-sentence motion filings and continues to represent Appellant on appeal.

WAS THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A CONVICTION INSOMUCH AS THE COMMONWEALTH DID NOT OFFER RELIABLE, BELIEVABLE EVIDENCE THAT [APPELLANT] HAD THE REQUISITE INTENT TO COMMIT A MURDER IN THE FIRST DEGREE?

WAS THE VERDICT AGAINST THE WEIGHT OF THE EVIDENCE FOR THE REASONS DISCUSSED IN [ISSUE ONE] AND WAS THE VERDICT AGAINST THE WEIGHT OF THE EVIDENCE BECAUSE NO REASONABLE JURY WOULD DISBELIEVE [APPELLANT'S] TESTIMONY?

DID THE COURT ABUSE ITS DISCRETION BY PREVENTING [APPELLANT] FROM HAVING THE LAWYER OF HIS CHOOSING BY FAILING TO GRANT A TIMELY, REASONABLE, AND UNOPPOSED CONTINUANCE REQUEST AND INSTEAD FORCING [APPELLANT] TO GO TO TRIAL WITH A COURT-APPOINTED LAWYER?

DID THE COURT ERR BY FAILING TO SCHEDULE AN EVIDENTIARY HEARING SO THAT THE NATURE AND TIMING OF [APPELLANT'S] CONTINUANCE REQUEST COULD BE ADDITIONALLY FLESHED OUT ON THE RECORD AND SO THAT [APPELLANT] COULD PUT EVIDENCE ON THE RECORD THAT THE COURT ABUSED ITS DISCRETION BECAUSE HAD THE CONTINUANCE BEEN GRANTED, THE COURT WOULD HAVE BEEN ABLE TO HANDLE OTHER CASES?

(Appellant's Brief at 7).[5]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Lillian H. Ransom, we conclude Appellant's first and second issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (**See** Trial Court Opinion, filed December 24,

---

[5] We have reordered Appellant's issues.

2013, at 4-9) (finding: **(1)** Commonwealth presented testimony from several witnesses who identified Appellant as person who killed Victim; Julian Morales gave signed statement to police stating he heard argument in alleyway behind his house prior to shooting and saw "C" fire gun; Mr. Morales identified Appellant as "C" in photo array; Evan Claude, Victim's brother, testified he broke up fight between Appellant and Victim several days before shooting; Mr. Claude and Victim saw Appellant with gun on day of shooting, and Victim told Appellant to put gun down and fight him; Mr. Claude witnessed Appellant open fire on Victim; Mr. Claude gave police description of Appellant and told police that Appellant shot Victim in head; Detective Grebolski testified that U.S. Marshals apprehended Appellant in Macon, Georgia four days after shooting, and Appellant supplied authorities with false name when taken into custody; viewing evidence in light most favorable to Commonwealth as verdict winner, evidence was sufficient to support Appellant's first-degree murder conviction; **(2)** jury was free to credit Mr. Claude's testimony that Appellant intentionally shot and killed Victim, and to reject Appellant's testimony that he shot near Victim as "warning" and did not intend to shoot Victim; Appellant's guilty verdict does not shock one's conscience; thus, Appellant's weight of evidence claim fails). Therefore, with respect to Appellant's first and second issues on appeal, we affirm on the basis of the trial court's opinion.

We have combined Appellant's third and fourth issues for purposes of

disposition. Appellant argues the court failed to explain its reasons for denying Appellant's request to proceed with private counsel at trial. Appellant asserts the court did not conduct an inquiry into the disputes between Appellant and appointed counsel or give Appellant a deadline for retaining private counsel. Appellant insists the court made no mention of whether a continuance would delay the swift administration of justice in this case. Appellant also complains the court improperly used the amount of time appointed counsel had represented Appellant prior to trial to justify the denial of Appellant's continuance request. Appellant maintains he requested a continuance to ensure he would have competent representation at trial, not to delay the proceedings. Appellant contends the court's denial of his continuance request deprived Appellant of his right to counsel of his choosing.

Alternatively, Appellant claims the court erred by denying his post-sentence motion for an evidentiary hearing to flesh out whether Appellant's request to go forward with private counsel was timely and the circumstances surrounding Appellant's continuance request. Appellant indicates the February 19, 2013 proceeding (where private counsel initially appeared before the court) was not transcribed. Appellant emphasizes the Commonwealth made no objection to his request to proceed with private counsel but concedes the record fails to reflect the Commonwealth's lack of objection because the February 19, 2013 proceeding was not transcribed.

Appellant avers he wrote three letters to the court complaining about appointed counsel, some of which are missing from the certified record. Due to these deficiencies, Appellant contends the record was inadequate to deny Appellant's post-sentence motion without a hearing. Appellant concludes this Court should vacate Appellant's conviction and remand for a new trial or alternatively, remand for a hearing so Appellant can supplement the record with regard to this issue.[6] We disagree.

Our standard of review is as follows:

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

***Commonwealth v. Antidormi***, 84 A.3d 736, 745 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, ___ A.3d ___ (July 7, 2014) (internal citations and quotation marks omitted).

_____

[6] The Commonwealth argues Appellant waived his third and fourth issues on appeal because he did not formally request a continuance. Because the February 19, 2013 proceeding was not transcribed, we are unable to verify whether private counsel made an oral motion for a continuance on Appellant's behalf at that time. Nevertheless, the court treated Appellant's request to proceed with private counsel as a motion for a continuance, as a logical extension of private counsel's statement that he would be unprepared to proceed at trial as scheduled. The record makes clear Appellant preserved these issues in his post-sentence motions and in his Rule 1925(b) statement. Thus, we decline to waive the issues and will treat Appellant's claims in the context of a denial of a continuance request.

With respect to the right to counsel, our Supreme Court has stated:

> The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. In addition to guaranteeing representation for the indigent, these constitutional rights entitle an accused to choose at his own cost and expense any lawyer he may desire. The right to counsel of one's own choosing is particularly significant because an individual facing criminal sanctions should have great confidence in his attorney.

*Commonwealth v. McAleer*, 561 Pa. 129, 136, 748 A.2d 670, 673 (2000)

(internal citations, quotation marks, and footnote omitted). Nevertheless:

> [T]he constitutional right to counsel of one's own choice is not absolute. Rather, the right of the accused to choose his own counsel, as well as the lawyer's right to choose his own clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice. Thus, this Court has explained that while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice.

*Commonwealth v. Randolph*, 582 Pa. 576, 584, 873 A.2d 1277, 1282

(2005), *cert. denied*, 547 U.S. 1058, 126 S.Ct. 1659, 164 L.Ed.2d 402

(2006) (internal citations and quotation marks omitted).

Additionally, a defendant has no absolute right to a particular counsel, so a request for continuance to secure the services of a particular counsel may, in the court's discretion, be denied. *Commonwealth v. Thomas*, 879 A.2d 246, 261 (Pa.Super. 2005). When considering whether to grant or deny a continuance based on a defendant's request for new private counsel, courts have looked to, *inter alia*, whether the defendant's dissatisfaction with

current counsel constitutes irreconcilable differences, the number of prior continuances in the matter, the timing of the defendant's continuance request, whether private counsel was actually retained, and the readiness of private counsel to proceed in a reasonable amount of time. ***Commonwealth v. Prysock***, 972 A.2d 539 (Pa.Super. 2009). ***See also Commonwealth v. Brewington***, 740 A.2d 247 (Pa.Super. 1999), *appeal denied*, 563 Pa. 626, 758 A.2d 660 (2000) (holding court acted within its discretion in denying defendant's continuance request to retain private counsel, where court had previously granted ten defense continuances and further delay would hinder swift administration of justice); ***Commonwealth v. Gray***, 608 A.2d 534 (Pa.Super. 1992) (holding trial court's denial of continuance request to retain private counsel was proper, where appointed counsel represented defendant for almost two years, defendant did not request private counsel until four days before jury selection, and private counsel's appointment would have disrupted schedules of court, attorneys for defendant's co-defendants, as well as trial witnesses; court did not totally preclude defendant from exercising right to counsel of his choosing where court informed private counsel he could enter his appearance if he was ready to proceed after *voir dire* was complete, but private counsel declined; it was necessary to place limits on defendant's right to counsel in light of late stage of prosecution at which defendant made request to change counsel and burden to efficient administration of justice that continuance at that juncture

would cause); ***Commonwealth v. Boettcher***, 459 A.2d 806 (Pa.Super. 1983) (holding court properly denied defendant's continuance request to proceed with private counsel, where defendant made request on day of trial, appointed counsel was well-prepared to represent defendant at trial, and when private counsel appeared in courtroom during jury selection, court advised counsel he could begin participation in trial immediately but private counsel declined to do so).

Instantly, the trial court explained its reasons for denying Appellant's continuance request as follows:

> In the instant matter, [appointed] counsel entered his appearance on August 30, 2011. On February 1, 2012, this case was listed for a status hearing on February 15, 2013, and listed for a five (5) day jury trial scheduled for March 18, 2013. On February 15, 2013, the matter was continued until February 19, 2013, at which point [private counsel] appeared before this [c]ourt on behalf of Appellant. [Private counsel] advised this [c]ourt that he had been retained to represent Appellant but would be unavailable to go forward to trial on March 18, 2013. [Private counsel] again appeared before this [c]ourt on the trial date, March 18, 2013, and requested a continuance which was properly denied.
>
> At the time of trial, [appointed counsel] had been assigned to Appellant's matter for over one and one-half (1½) years. This [c]ourt was satisfied that [appointed] counsel was prepared to provide Appellant effective assistance of counsel. This [c]ourt did receive letters regarding Appellant's wish to have new counsel, making claims of ineffective assistance of counsel. However, this [c]ourt also received a letter on November 7, 2012, claiming that [private counsel, who had initially represented Appellant at the preliminary hearing], was also ineffective. Appellant claimed that [private counsel] had previously failed to advise Appellant regarding the filing of a Motion to Quash

- 10 -

that would have been beneficial to Appellant at his Preliminary Hearing. Based on this finding and this [c]ourt's calendar of availability to adjudicate this matter, this [c]ourt properly denied Appellant's request for a continuance and proceeded with trial.

(Trial Court Opinion at 10) (internal footnote omitted). We agree.

The record reveals the following chronology of events. Appointed counsel represented Appellant throughout the pre-trial proceedings since his appointment on August 30, 2011. At a scheduling conference on February 1, 2012, the court put Appellant on notice that trial would begin on March 18, 2013. During 2012, Appellant wrote two letters to the court complaining about appointed counsel. In the two letters mentioning appointed counsel, Appellant requested the appointment of new counsel but did not indicate that he planned to retain private counsel.[7] Appellant likewise wrote letters criticizing private counsel's earlier representation of Appellant. Specifically, in a letter to the court dated October 31, 2012, Appellant complained private counsel had failed to advise Appellant about a motion to quash. In another

_____

[7] Notwithstanding Appellant's contention that his letters concerning appointed counsel are missing from the certified record, the record contains two letters from Appellant discussing appointed counsel. Appellant claims he wrote the court a third letter specifically stating his intention to retain private counsel. Nevertheless, this letter is not in the certified record; and it is Appellant's responsibility to ensure that the documents he wants this Court to review are included in the certified record. **See Commonwealth v. Manley**, 985 A.2d 256 (Pa.Super. 2009), *appeal denied*, 606 Pa. 671, 996 A.2d 491 (2010) (stating appellant has duty to ensure all documents essential to his case are included in certified record; otherwise, this Court cannot consider those documents).

- 11 -

letter to the District Attorney's Office dated November 5, 2012, Appellant alleged private counsel incorrectly informed Appellant that he was facing a capital charge.

On February 19, 2013, over a year after the scheduling conference, private counsel appeared before the court, stating Appellant wished to retain him for trial. The court acknowledged Appellant's request and indicated it would allow private counsel to enter his appearance if he could proceed on the scheduled trial date. Private counsel stated he was unable to do so due to preparation for another case. Private counsel did not enter his appearance. Additionally, Appellant made no formal request for a continuance at that time. Between February 19, 2013 and March 18, 2013, Appellant made no attempts to secure a continuance and sent no additional letters to the court complaining about appointed counsel or asking permission to proceed with private counsel at trial.

On March 18, 2013, appointed counsel and private counsel appeared before the court on the scheduled trial date. At that time, private counsel again requested to represent Appellant at trial. The court informed private counsel that trial was ready to begin, but the court would allow private counsel to enter his appearance if he was ready to try the case. Private counsel stated he was still unprepared to go forward and gave no indication as to when he would be prepared for trial. Consequently, trial began as scheduled with appointed counsel representing Appellant.

Under the facts of this case, Appellant failed to exercise his right to counsel of his choosing within a reasonable time. Appellant was fully aware of the scheduled trial date as of February 1, 2012, yet he waited until one month before trial to express his desire to retain private counsel. Moreover, the court did not completely preclude Appellant from exercising his right to counsel of his choosing, where it informed private counsel he could enter his appearance if he was ready to proceed with trial as scheduled, but private counsel failed to do so. *See Gray, supra*. Notably, private counsel made no mention of when he would be ready to try Appellant's case. Private counsel knew on February 19, 2013, that the court intended to proceed with trial as scheduled, yet private counsel failed to prepare for trial over the next month and did nothing more to demonstrate his intent to represent Appellant at trial as scheduled. Instead, private counsel appeared in court on the day of trial to request a continuance. The court reasonably denied the request under these circumstances.[8] *See Antidormi, supra*. *See also*

---

[8] Appellant relies on *Prysock, supra*. The facts of *Prysock*, however, are distinguishable from the current case because the record in *Prysock* demonstrated how defendant's difficulties with appointed counsel pervaded every aspect of the criminal proceedings including appointed counsel's handling of the suppression hearing, jury selection, questioning of witnesses at trial, and refusal to call requested character witnesses. In *Prysock*, each of the defendant's quarrels with appointed counsel required judicial intervention, side-bar conferences, recesses, and consultations by both the Commonwealth and appointed counsel with their respective senior colleagues. *See id.* at 545. Thus, this Court determined the trial court had abused its discretion when it denied the defendant's request for a
*(Footnote Continued Next Page)*

***Randolph, supra***; ***Gray, supra***; ***Boettcher, supra***. The record supports the court's decision, even without a transcript from the February 19, 2013 proceeding; thus, Appellant's alternative plea for an evidentiary hearing affords no relief. Therefore, Appellant's third and fourth issues on appeal merit no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2014

---

(Footnote Continued) ————————

continuance to proceed with private counsel. ***Id.*** Given the stark differences between ***Prysock*** and the present case, ***Prysock*** is not dispositive.

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA

CP-51-CR-0008870-2011

**FILED**

v.
CARL
SMITH,
APPELLANT

CP-51-CR-0008870-2011 Comm. v. Smith, Carl
Opinion



7098910071

DEC 2 4 2013

**Criminal Appeals Unit**
**First Judicial District of PA**

: SUPERIOR CT: 2178 EDA 2013

**OPINION**

RANSOM, J.                                        December 24, 2013

On March 25, 2013, the appellant, Carl Smith, was found guilty, by a jury sitting before this Court, of one (1) count of First Degree Murder, a felony of the first degree; one (1) count of Possessing an Instrument of Crime ("PIC"), a misdemeanor of the first degree; one (1) count of Violation of the Uniform Firearms Act § 6106, a felony of the third degree; and, one (1) count of Violation of the Uniform Firearms Act § 6108, a misdemeanor of the first degree. This Court made a finding of guilt of one (1) count of Violation of the Uniform Firearms Act § 6105, a felony of the second degree   That same day, this Court sentenced Appellant to a mandatory life sentence for First Degree Murder, with no further penalty assessed on the additional charges. Appellant filed a timely post sentence motion which was denied by operation of law on July 29, 2013.

A timely Notice of Appeal was filed on July 29, 2013. On August 2, 2013, after ascertaining that all notes of testimony were available, this Court pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), ordered Appellant to file a self-contained and intelligible

1

Statement of Matters Complained of on Appeal. On August 7, 2013, counsel filed a 1925(b) Statement of Matters Complained of on Appeal to this Court.

In his 1925(b) statement, Appellant raises the following four (4) issues on appeal:

(1) Was the evidence insufficient as a matter of law to support a conviction insomuch as the Commonwealth did not offer reliable, believable, evidence that Mr. Smith had the requisite intent to commit a Murder in the First Degree [as raised in the Post-trial motions and memorandums attached]?;

(2) Was the verdict against the weight of the evidence for the reasons discussed in ¶ (1) above and was the verdict against the weight of the evidence because no reasonable jury would disbelieve Mr. Smith's testimony [as raised in the post trial motions and memorandums attached]?;

(3) Did the Court abuse its discretion by preventing Mr. Smith from having the lawyer of his choosing by failing to grant a timely, reasonable and unopposed continuance request and instead forcing Mr. Smith to go to trial with a court-appointed lawyer [as raised in the post-trial motions and memorandums attached]?

(4) Did the Court err by failing to schedule an evidentiary hearing so that the nature and timing of Mr. Smith's continuance request could be additionally fleshed out on the record and so that Mr. Smith could put evidence on the record that the Court abused its discretion because had the continuance been granted, the Court would have been able to handle other cases [as raised in the post trial motions and memorandums attached]?

2

## FACTS

These charges arose out of a shooting that occurred on June 17, 2011, in the 5100 block of C Street in Philadelphia. Prior to that day, Appellant had taken a laptop from the decedent, John Claude ("Claude"), also known as "Mo".[1] Claude and his brother, Evan Claude ("Evan") met Appellant at Appellant's house on or about June 14, 2011. Claude told Appellant that he wanted his laptop back and a fight ensued between Appellant and Claude. Claude got the upper hand in the fight and beat up Appellant before Evan separated Appellant and Claude.

On June 17, 2011, in the evening, Claude, Evan, and Appellant met again. Claude and Evan were in a car rented by Evan, when they saw Appellant with a handgun. Evan drove down the alley, away from Appellant, and then Claude told Evan to stop the car. Claude got out of the car and told Appellant to put the gun down and fight him. Appellant fired the gun and Claude turned to run down the alley. Appellant fired three (3) times at Claude. Evan ducked to avoid the gunfire and saw Claude fall to the ground as he was struck by a bullet in the back of his head. The bullet exited the front of Claude's skull and blew out the front of Claude's face on the right side. Evan drove around the corner to park and returned moments later to find Claude on the ground. Neighbors who witnessed the incident called 911 while Evans stayed with Claude.

At approximately 5:25 p.m., Police Officer Christopher Smith ("Officer Smith") and his partner, Officer Gruger, received a radio call stating there was a person with a gun at C & Albanus Streets. Officers Smith and Gruger arrived to the scene approximately 2 minutes later and noticed a crowd of approximately thirty (30) people. Officer Smith noticed a black male, later identified as Claude, lying on the ground in a large pool of blood with what appeared to be a

---

[1] Also found in the record as "Moe"

3

gunshot wound to the head. Officer Smith described the wound as a "small softball or wiffleball" sized hole on the right side near the eye. Officer Gruger told Officer Smith that Claude appeared to be breathing so they called over the radio to inform other officers that they were transporting Claude to the hospital in their police car. Officers Smith and Gruger transported Claude to the nearest hospital, Einstein Medical Center. Claude was pronounced dead at 5:42 p.m. on June 17, 2011.

Based on witness information, an arrest warrant for Appellant was secured by Philadelphia Police Detective Charles Grebolski ("Detective Grebolski") on June 21, 2011. At approximately 8:30 that evening, Detective Grebolski received information that Appellant was on a bus headed to Macon, Georgia. U.S. Marshalls were contacted and they arrested a black male at the bus terminal in Georgia who matched Appellant's description. The male initially gave a false name of Malik Brown but a photo provided by Philadelphia Police revealed he was in fact, Appellant Carl Smith.

## LEGAL DISCUSSION

The appellant raises four (4) issues on appeal. The third and fourth issues concern inter-related law and facts and as such will be answered together. The first issue Appellant raises is:

**Was the evidence insufficient as a matter of law to support a conviction insomuch as the Commonwealth did not offer reliable, believable, evidence that Mr. Smith had the requisite intent to commit a Murder in the First Degree [as raised in the Post-trial motions and memorandums attached]?**

4

The standard of review for a sufficiency of evidence claim is "whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offenses beyond a reasonable doubt." Commonwealth v. Miller, 541 Pa. 531, 540, 664 A.2d 1310, 1314 (1995) (citing Commonwealth v. Carpenter, 511 Pa. 429, 435, 515 A.2d 531, 533-534 (1986)). When reviewing sufficiency of the evidence, an appellate court may not substitute its judgment for that of the fact-finder; if the record contains support for the verdict, it may not be disturbed. See Commonwealth v. Marks, 1997 Pa. Super. LEXIS 3857, 4, 704 A. 2d 1095, 1098 (1997). What may appear unlikely to a reviewing court cannot supplant what the fact finder has found. Commonwealth v. Jackson, 506 Pa. 469, 474, 485 A.2d 1102,1104 (Pa. 1984).

In the instant matter, the evidence was sufficient to find Appellant guilty of murder in the first degree. A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being.[2] A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.[3] An intentional killing is a killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing.[4]

In the instant case, the Commonwealth presented testimony from several witnesses regarding the death of Claude. Each identified Appellant as the person who killed Claude and each described the interaction between Appellant and Claude before the shooting occurred. Julian Morales ("Morales"), gave a signed statement to police on June 18, 2011, which was read to the jury. (N.T. 3/19/13, 139-158). In his statement, Morales said he was a witness to the

---

[2] 18 Pa.C.S. 2501(a)
[3] 18 Pa.C.S. 2502(a)
[4] 18 Pa.C.S. 2502(d)

5

shooting. (N.T. 3/19/13 at 145). He stated that he heard a dispute outside in the alleyway behind his home. (Id.). Morales stated he looked outside his kitchen window and saw a black male wearing a hooded sweatshirt, pointing a gun. (N.T. 3/19/13 at 145). In his statement, Morales said that when he went to the door to go out, he saw the black male fire a gun. (N.T. 3/19/13 at 145). Morales stated that he knew the black male fired three (3) times but only actually saw the gun fired once. (Id.). When asked by police if he knew the male that was shooting the gun, Morales stated that he did not know the male personally. (N.T. 3/19/13 at 146). Morales stated that he and the male shared the same driveway and that everyone knew him as "C". (Id.). Morales also identified Appellant as "C" from the photo array he was shown by detectives. (N.T. 3/19/13 at 147).

Evan Claude ("Evan"), Claude's brother, also testified at trial.[5] (N.T. 3/19/13, 178-268). Evan testified that he was present when Claude and Appellant, whom he identified as "C", fought over the Claude's laptop prior to Claude's death. (N.T. 3/19/13, 183-184). Evan stated Claude yelled to him during the fight and Evan pushed Appellant up against the wall to break up the fight. (N.T. 3/19/13 at 185). Evan also stated he witnessed Appellant kill Claude. (N.T. 3/19/13 at 192). He stated that he and Claude were in a car when they saw Appellant with a gun. (N.T. 3/19/13, 195-217). He stated that he began to drive down the alley, away from Appellant, when Claude told him to stop the car. (N.T. 3/19/13 at 193). Evan stated that Claude got out of the car and asked Appellant, "You going to shoot me?". (N.T. 3/19/13 at 193). Evan testified Claude then said to Appellant, "Put down the gun and I'll fight you and beat you up again." (N.T. 3/19/13 at 201). Evan testified that he then heard one (1) gunshot and ducked down; then he heard another gunshot and as he ducked down again, he saw Claude go down too. (N.T.

---

[5] The record incorrectly names the witness "Evens Claude"

6

3/19/13 at 194). Evan stated he then drove around the corner "just to get out of harm's way" and returned moments later to find Claude laying on the ground with "a big hole" in his head. (N.T. 3/19/13 at 194). Evan testified that police officers arrived, put the decedent in the back of their car, and drove off. (N.T. 3/19/13 at 195). Evan then stated that after those officers left, more officers arrived and he ran over to a "white shirt", identifying a supervising police officer. (N.T. 3/19/13 at 196). Evan told the officer that Appellant shot Claude in the head. (N.T. 3/19/13 at 197). Evan also identified Appellant's home and described the black/dark gray hooded sweatshirt Appellant was wearing when he killed Claude. (N.T. 3/19/13 at 198).

Detective Charles Grebolski ("Detective Grebolski"), also testified at trial. (N.T. 3/20/13, 77-85). On June 21, 2011, Detective Grebolski secured an arrest warrant for Appellant. (N.T. 3/20/13 at 80). At approximately 8:30 p.m. that evening, Detective Grebolski received information that Appellant was on a bus headed to Macon, Georgia. (Id.). The U.S. Marshalls in Georgia were contacted and they waited at the bus terminal in Macon, Georgia. (N.T. 3/20/13, 80-81). At approximately 10:00 p.m., a male got off a bus at the terminal matching the description provided by Philadelphia Police and was taken into custody. (N.T. 3/20/13 at 81). The male initially gave the name Malik Brown but was later identified as Appellant. (Id.). Appellant arrived back in Philadelphia on July 4, 2011. This flight by Appellant could have been viewed by the jury as consciousness of guilt.

Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence presented at trial was sufficient to support the verdict.

7

The second issue Appellant raises is:

**Was the verdict against the weight of the evidence for the reasons discussed in ¶ (1) above and was the verdict against the weight of the evidence because no reasonable jury would disbelieve Mr. Smith's testimony [as raised in the post trial motions and memorandums attached]?**

The guilty verdict of murder in the first degree was not against the weight of the evidence. The standard of appellate review for a claim that the verdict was against the weight of the evidence is limited to a determination of whether the trial court abused its discretion in denying the appellant's post verdict motion i.e. that the fact finder's verdict "shocked the conscience." Commonwealth v. Lloyd, 2005 Pa. Super. 236, P12, 878 A.2d 867, 872 (2005). The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. Commonwealth v. Small, 559 Pa. 423, 435, 741 A.2d 666, 672 (Pa. 1999). A new trial should not be granted because of a mere conflict in testimony or because the trial judge would have arrived at a different conclusion on the same facts. Commonwealth v. Brown, 538 Pa. 410, 648 A2d. 1177, 1191 (Pa. 1994).

In the instant case, the jury's verdict of guilty does not shock the conscience. The jury as the fact finder has the sole discretion to assess the credibility of witnesses at trial. The finder of fact is free to believe all, part, or none of the evidence presented and to determine the credibility of witnesses.[6] The jury was free to believe the testimony of Evan, that Appellant intentionally shot at and killed Claude. The jury was also free to disbelieve Appellant's version of the

---

[6] Discussed in sufficiency analysis, *supra.*

8

incident he testified to at trial, stating he shot at Claude as a warning and did not believe he would nor did he intend to hit Claude.[7]

The third and fourth issues Appellant raises are:

**3. Did the Court abuse its discretion by preventing Mr. Smith from having the lawyer of his choosing by failing to grant a timely, reasonable and unopposed continuance request and instead forcing Mr. Smith to go to trial with a court-appointed lawyer [as raised in the post-trial motions and memorandums attached]?**

**4. Did the Court err by failing to schedule an evidentiary hearing so that the nature and timing of Mr. Smith's continuance request could be additionally fleshed out on the record and so that Mr. Smith could put evidence on the record that the Court abused its discretion because had the continuance been granted, the Court would have been able to handle other cases [as raised in the post trial motions and memorandums attached]?**

This Court did not err or abuse its discretion by failing to grant Appellant's request for new counsel. Under Article I, Section 9 of the Pennsylvania Constitution, a defendant has a right to be represented by counsel of his own choosing. However, the right to be represented by counsel of one's own choice is not absolute. "The right to counsel may be impaired or eliminated by state regulation which is designed to provide for overriding state interests or individual constitutional guarantees which are in conflict with that right." Commonwealth v. Hess, 532 Pa. 607, 620, 617 A.2d 307, 314 (1992). "An accused cannot be permitted to utilize his right to choose his own counsel so as unreasonably to clog the machinery of justice and hamper and delay the state in its efforts to do justice with regard both to him and to others whose rights to

---

[7] N.T. 3/20/13, 160-241

9

speedy trial may thereby be affected." Commonwealth v. Robinson, 468 Pa. 575, 592-93, 364 A.2d 665, 674 (1976).

In the instant matter, trial counsel entered his appearance on August 30, 2011. On February 1, 2012, this case was listed for a status hearing on February 15, 2013, and listed for a five (5) day jury trial scheduled for March 18, 2013. On February 15, 2013, the matter was continued until February 19, 2013, at which point Michael J. Diamondstein, Esquire appeared before this Court on behalf of Appellant. Attorney Diamondstein advised this Court that he had been retained to represent Appellant but would be unavailable to go forward to trial on March 18, 2013. Attorney Diamondstein again appeared before this Court on the trial date, March 18, 2013, and requested a continuance which was properly denied.

At the time of trial, trial counsel had been assigned to Appellant's matter for over one and one-half (1 ½) years. This Court was satisfied that trial counsel was prepared to provide Appellant effective assistance of counsel. This Court did receive letters regarding Appellant's wish to have new counsel, making claims of ineffective assistance of counsel. However, this Court also received a letter on November 07, 2012, claiming that counsel whom he wished to replace trial counsel, Michael J. Diamondstein, Esquire, was also ineffective. Appellant claimed that Attorney Diamondstein had previously failed to advise Appellant regarding the filing of a Motion to Quash that would have been beneficial to Appellant at his Preliminary Hearing.[8] Based on this finding and this Court's calendar of availability to adjudicate this matter, this Court properly denied Appellant's request for a continuance and proceeded with trial.

---

[8] See Exhibit A, attached.

10

## CONCLUSION

For the reasons set forth above, the decision of this Court should be affirmed.

BY THE COURT:

Ransom, J.

11

# EXHIBIT

# A

Carl Smith, PP# 86⬚ ⬚8
P.I.C.C., 8301 State Road
Philadelphia, PA. 19136

NOV 0⬚ 2⬚2

October 31, 2012

Honorable Judge Lillian H. Ransom
Judges' Chambers, Suite 1208, C.J.C.
1301 Filbert Street
Philadelphia, PA. 19107

RE:    **CP-51-CR-0008870-2011**
        **Commonwealth v. Carl Smith**

Dear Honorable Judge Ransom:

Due to my recent submission of Motion for ineffective assistance of counsel and for new counsel to be appointed, it seems to be in my best interest that I now go over my case with a fine tooth comb in order to allow myself the best opportunity under the law.

My first attorney, Mr. Michael J. Diamondstein, whom I initially retained for the purposes of my preliminary hearing did not put in nor advise me to the advantages of a Motion to Quash. In fact, after my arraignment, I was under the assumption that I was fighting a capital case! Throughout my pretrial stages I was not afforded many of my rights, due to prior and current counsels', in Mr. Michael E. Wallace, negligent handling of my case and more importantly my life. Even a small procedure, as simple as petitioning the Court to have me removed for consideration under mandatory minimum sentencing under 42 Pa.C.S. § 9714, which was previously incorrect, has gone unnoticed by my attorney of record and has also proven difficult in correcting. Fortunately, I have been able to have this clerical error corrected by the Clerk of Courts and am now awaiting documentation relating to such.

Please note that I am in no way attempting to slow up or tie up the Courts with my future actions nor do I plan to burden Your Honor or the Courts with trivial, meaningless, or time consuming petitions. The purpose of pretrial is to assess an individual's case through discovery materials and other investigatory procedures. In my case, my attorney, Mr. Michael E. Wallace, nor I have yet to receive all of my discovery material in the form of crime scene photos, ballistic reports, and other important exculpatory evidence.

I ask that Your Honor please be patient in my prior ignorance of the law and my current position attempting to navigate through this difficult road ahead of me. With your permission, I will be attempting to catch up in this process as speedily as possible without inconveniencing the courts.

I will be looking forward to your help and future correspondence in these matters. Thank you for your time and patience in advance.

Respectfully

*Carl Smith*

cc:    **Clerk of Courts**
        **Michael E. Wallace**
        **District Attorney's Office**
        **File/**

**Re:     Commonwealth vs. Carl Smith**
         **CP-51-CR-0008870-2011**
         **2178 EDA 2013**

**TYPE: OPINION**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Opinion upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Defendant:              Carl Smith
                        KY-4897
                        SCI Mahanoy
                        301 Morea Road
                        Frackville, PA  17932

Type of Service:        ( ) Personal Service  ( ) First Class Mail   (X) Other: Certified
                        Mail

Defense Counsel:        Michael J. Diamondstein, Esq.
                        Two Penn Center Plaza
                        Suite 900
                        15th & John F. Kennedy Blvd
                        Philadelphia, PA  19102

Type of Service:        ( ) Personal Service  ( X ) First Class Mail  ( ) Other: _____

District Attorney:      Hugh J. Burns, Esquire
                        Philadelphia District Attorney's Office
                        Three South Penn Square
                        Philadelphia, PA 19107

Type of Service:        ( ) Personal Service  ( X ) First Class Mail  ( ) Other: _____

Date:  December 24, 2013

_____
Joelle A. Johnson
Law Clerk to Hon. Lillian H. Ransom