450 A.2d 981

COMMONWEALTH of Pennsylvania, Appellee,

v.

Diane Hamill METZGER, Appellant.

Supreme Court of Pennsylvania.

Argued April 21, 1982.

Decided Oct. 5, 1982.

Drew Salaman, Andrea Commaker, Philadelphia, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

McDERMOTT, Justice.

This is a direct appeal of the judgments of sentence entered upon the convictions of appellant, Diane Hamill Metzger. Following a jury trial, appellant was found guilty on March 4, 1976 of first degree murder, burglary and

conspiracy.[1] On November 16, 1977 appellant was sentenced to a term of life imprisonment on the first degree murder conviction and concurrent terms of seven and one half to fifteen years on the burglary and criminal conspiracy convictions.

Appellant appealed to this Court and we ordered an evidentiary hearing on the claims of ineffective assistance of counsel on May 15, 1978. Appellant's sentence was vacated and evidentiary hearings were held on June 27, 1978, September 22, 1978 and November 3, 1978. The trial court denied appellant's allegations of ineffective assistance of counsel on November 30, 1979 and re-sentencing was scheduled for January 4, 1980, at which time appellant's earlier sentence was reimposed. This appeal followed.[2]

The following facts were adduced at trial. On September 24, 1974, the four sons of Frank and Martha Metzger[3] were found abandoned at a motel in Dunkirk, New York. An arrest warrant charging abandonment, was issued for Frank Metzger. The New York State Police went to the farmhouse in Farnham, New York, where Frank Metzger and appellant had been living with the boys, in an attempt to arrest Frank Metzger on September 25, 1974. Finding no one at the farmhouse, the police inspected the premises and found in a freshly disturbed plot of ground, the decomposed body of Martha Metzger. Frank Metzger and appellant

1. Following appellant's conviction, trial counsel withdrew from the case and new counsel was permitted to file post-verdict motions *nunc pro tunc,* which included allegations that trial counsel was ineffective.

2. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 722. This statute was amended subsequent to appellant's conviction, removing this Court's exclusive jurisdiction over appeals from homicide convictions. Act of September 23, 1980, P.L. 686, No. 137, § 1.

3. Frank Metzger, appellant's common law husband, had been married to Martha Metzger, the victim, but had separated from her in 1971. Frank Metzger was originally named as appellant's co-defendant prior to his severance. In a separate proceeding he was also convicted of first degree murder in connection with the killing of Martha Metzger.

were arrested by agents of the Federal Bureau of Investigation in Boise, Idaho on July 11, 1975.[4]

Further evidence produced by the Commonwealth at trial was elicited from the medical examiner of Erie County, New York, who had performed the autopsy of the victim's body. The medical examiner stated the cause of death was asphyxiation due to suffocation and strangulation. He also stated that the victim's neck was discolored due to a rope around it. The medical examiner further stated that a wash cloth had been forced into the mouth of the victim and that the mouth had been taped over.

Frank Metzger was called as a witness for the defense. He testified that he entered the house alone on the night of August 18, 1974, and struck the victim twice in the head with a flashlight in an effort to render her unconscious. He further testified that he became frightened and did not wish to leave the body in the house. He placed a rope around the victim's neck in order to drag the body to the car. He stated that he deposited the body in the trunk and related to appellant what had happened. He entered the car and asked appellant to help him gather the four boys since he did not want to leave them alone. According to Frank Metzger's testimony, he, appellant and the four boys then left Delaware County for New York. Frank Metzger maintained at all times that appellant had no knowledge of the happenings in the Metzger home and that she had waited in the car during the events leading to Martha Metzger's death.

Appellant took the stand on her own behalf and related the same version of the events as had Frank Metzger. She claimed that she had no knowledge of any wrongdoing until Frank Metzger entered the car and explained the situation. According to appellant, Frank Metzger then requested that she help collect the four boys for the trip to New York.

4. There is some discrepency as to whether the actual date of the arrest was June 10, 1975 or July 11, 1975. July 11, 1975 was accepted by the trial court and will be used for our purposes, since the actual date of arrest is not relevant to any issues raised here.

The prosecution called the medical examiner for rebuttal testimony, which consisted of the answer to a hypothetical question recounting the testimony of Frank Metzger. The medical examiner discredited Frank Metzger's testimony and again confirmed that death was caused by strangulation and suffocation, not by blows to the head, as Frank Metzger had testified. He stated that there were no hemorrhages to the victim's scalp. On cross-examination when questioned about the 38-day gap from the death of Martha Metzger to the discovery of her body, the medical examiner stated the amount of time did not affect the signs of hemorrhage and if there were hemorrhages at death they would have been detectable at the autopsy.

This rebuttal testimony, which cast serious doubt on the testimony of Frank Metzger, concerning the cause of the victim's death, gives rise to the first issue on appeal. After the medical examiner testified, appellant's trial counsel felt it was necessary to obtain an expert witness for the defense. The trial court did not allow counsel a continuance in order to obtain the witness. Appellant now alleges that the trial court improperly refused to grant a continuance for the defense to produce an expert pathologist to rebut the medical examiner's testimony.

It is well settled in this Commonwealth that the trial court has broad discretion on the granting of continuances during trial. *Commonwealth v. Chism,* 480 Pa. 233, 389 A.2d 1041 (1978); *Commonwealth v. Smith,* 442 Pa. 265, 275 A.2d 98 (1971). Upon reviewing the denial of a continuance in a criminal case, we must look to the nature of the crime and to the surrounding circumstances to determine if the denial was an abuse of discretion. *Commonwealth v. Scott,* 469 Pa. 258, 365 A.2d 140 (1976); *Commonwealth v. Deni,* 317 Pa. 289, 176 A. 919 (1935). The nature of the charge in the instant case is the most serious, first degree murder, which carries a mandatory life sentence. This grave charge and the unusual circumstances of the trial below combine to create a unique situation.

■ The Commonwealth presented no evidence, physical or testimonial, linking appellant to the actual killing of Martha Metzger. The case against her was entirely circumstantial. The Commonwealth could not show appellant's active participation in, or present knowledge of the crime, nor could the prosecution place appellant at the crime scene when the killing took place. Moreover, further complicating the case, trial counsel was not certain of his defense until the morning he was to present his case. The best possible defense arose on the morning the defense presented its evidence with the decision of Frank Metzger to take the witness stand to exculpate the appellant. N. T. Evidentiary Hearing 6/27/78 p. 142.

Frank Metzger admitted having committed the murder and totally exculpated appellant. Appellant's testimony was completely in accord with Frank Metzger's version of the events. As previously stated, the defense need for an expert arose with the rebuttal testimony of the medical examiner.

The only discrepency between Frank Metzger's and the medical examiner's testimony went to the cause of death, i.e., whether death resulted from blows to the head or by strangulation and suffocation. The Commonwealth's expert discredited Frank Metzger's testimony on this point, and the jury could not help but give great consideration to the expert's testimony, which was contradicted only by Frank Metzger's lay testimony, in reaching its verdict. The jury evidently disbelieved Frank Metzger and, consequently disbelieved appellant, in light of the medical examiner's statements.[5] Although we appreciate the concern of the learned trial judge for the orderly and swift administration of justice, under the unique circumstances of this particular case, where there was no evidence of bad faith or dilatory tactics in the defense request for a continuance and where

5. For the jury to believe Frank Metzger it was imperative for the defense to cast doubt on the testimony of the medical examiner with its own expert. At the post-trial evidentiary hearing, appellant did, in fact, produce a medical expert who could have cast doubt upon some of the conclusions of the Commonwealth's expert. *See generally,* N.T. Evidentiary Hearing 9/22/78 pp. 4–60.

the evidence the defense sought to offer went to the very essence of the only important factual dispute in the case, we hold that the interests of justice required a brief continuance to permit the defense an opportunity to place its crucial evidence before the jury.

Accordingly, the judgments of sentence are vacated and the case is remanded for a new trial.[6]

---

6. In view of our conclusion that the lower court erred in failing to grant the continuance requested by appellant, we need not address appellant's other contentions.