452 A.2d 1055

**COMMONWEALTH of Pennsylvania**

v.

**Joseph NICOLELLA, Appellant.**

Superior Court of Pennsylvania.

Submitted June 9, 1982.

Filed Nov. 19, 1982.

Frank H. Morgan, Jr., Ardmore, for appellant.

John A. Reilly, District Attorney, Media, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and WATKINS, JJ.

ROWLEY, Judge:

On April 23, 1981, appellant was convicted, after a jury trial, of conspiracy to deliver a controlled substance. Posttrial motions were filed and denied and appellant was sentenced to not less than six months or more than twenty-three months imprisonment. This appeal followed.

The facts of the case are as follows. On January 15, 1981, appellant, then an inmate at the Delaware County Prison, allegedly asked another inmate, James Hamm, to inquire if one of the guards would do him a "favor". The favor consisted of obtaining marijuana. Appellant gave Hamm $30.00 and a note containing the name and address of a contact. Hamm gave the money and the note to prison guard John Showell. Showell alerted his superiors. The next day, prison guard Robert Roane, accompanied by the police, went to the address set out in the note and picked up a package containing marijuana from a woman, who it turned out was appellant's mother.

On appeal, four issues are raised: 1) Was appellant's conviction supported by sufficient evidence?; 2) Was appellant denied his constitutional right to counsel of his choosing?; 3) Did the trial judge err in failing to recuse himself?; and 4) Was appellant's trial counsel ineffective?

I.

In reviewing the sufficiency of the evidence to support a conviction, we must view that evidence in the light

most favorable to the Commonwealth. *Commonwealth v. Smith,* 484 Pa. 71, 398 A.2d 948 (1979). All of the evidence received must be considered, whether trial rulings thereon were right or wrong. *Commonwealth v. Tabb,* 417 Pa. 13, 207 A.2d 884 (1965). Using that standard, appellant's claim that the evidence was insufficient is without merit.

Appellant argues that the evidence was insufficient in two respects. First, appellant claims that the Commonwealth's exhibits were never received into evidence. Second, appellant claims there was insufficient evidence to prove that the note given to Hamm was written by appellant.

■ Appellant's first argument is totally without merit. As the trial court stated in its opinion, there are no "magic words" that must be used in order to receive exhibits into evidence. It is clear from the court's response to the Commonwealth's motion that the exhibits be admitted that these exhibits were in fact received into evidence.

■ We find appellant's second argument also to be without merit. The Commonwealth's handwriting expert compared the note given to Hamm (exhibit C–1) with six examples of appellant's writing (exhibits C–6 through C–11). The expert stated that in his opinion, C–1 had been written by the same person who wrote C–6 through C–11. Furthermore, when later recalled to the witness stand, the expert compared appellant's signature on his Notice of Pre-trial Arraignment (exhibit C–15) with the signatures on exhibits C–6 through C–11. He concluded that the signatures were all made by the same person. He also went on to state that characteristics of appellant's handwriting appeared throughout the writings, as well as in the signatures. This evidence was sufficient to support the jury's conclusion that exhibit C–1 was written by appellant.

## II.

Appellant next argues that he was denied his right to counsel of his choice.

Appellant was represented by privately retained counsel Frank J. Marcone, Esquire, from the time of his preliminary hearing through the filing of post-trial motions. On the morning of appellant's trial, at a side-bar conference prior to voir dire, appellant informed the court that he wished to discharge Mr. Marcone and retain new counsel, due to a disagreement over trial strategy. The request was denied.

A criminal defendant has the right to be represented by counsel of his own choice. However, this right is not absolute and must be balanced against the need for the efficient and effective administration of justice. *Commonwealth v. Atkins,* 233 Pa.Super. 202, 336 A.2d 368 (1975). The decision as to whether a defendant will be granted a continuance to retain new counsel is within the discretion of the trial court. There are no mechanical tests for determining this question. Each case must be decided on its particular circumstances. *Commonwealth v. Kittrell,* 285 Pa.Super. 464, 427 A.2d 1380 (1981). We have concluded that under the circumstances of this case, the trial court abused its discretion in denying appellant's request.

It is true that appellant waited until the day of trial to make his request, a practice which has been condemned. *See Commonwealth v. Kittrell, supra.* However, the record shows that counsel had not spoken with appellant since the date of his preliminary hearing. Appellant did not know until the morning of trial how counsel intended to conduct his defense. Therefore, he was not aware that there was any disagreement between them until that time.

There is no evidence that the Commonwealth would have been prejudiced by the granting of a continuance. *See Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978). The request was made ninety-seven days after appellant's arrest, well within the 180 day period for trial allowed by Pa.R.Crim.P. 1100. No claim has been made that witnesses or evidence would be lost if the requested continuance were granted.

Nor was this a case where the defendant was continually requesting new counsel when disagreements arose. *See Commonwealth v. Velasquez,* 437 Pa. 262, 263 A.2d 351 (1970). Here, there had been no previous continuances requested.

Furthermore, trial counsel agreed with appellant that a difference between them did exist, stating that he "obviously" did not have "the confidence of (his) client". *See Commonwealth v. Tyler,* 468 Pa. 193, 360 A.2d 617 (1976).

Our conclusion is reinforced by the events that occurred during a conference in the court's chambers prior to commencement of the trial. According to the Commonwealth's brief, the conference occurred almost immediately *after* appellant's request for new counsel had been denied. At the conference, the court refused to consolidate appellant's case with that of Mr. Hamm. The court went on to state that he believed Mr. Marcone had a *conflict of interest* in representing both appellant and Hamm. Therefore, the court directed that new counsel be appointed to represent *Hamm.* This indicates that the appointment of new counsel for one of appellant's co-defendants apparently presented no problem for the court.

We further note that it was improper for Mr. Marcone to continue to represent either the appellant or his co-defendant, Mr. Hamm. Mr. Hamm was the principal witness against appellant. Thus, Mr. Marcone was in the position of defending appellant against the testimony of Mr. Hamm, Marcone's former client. Appellant and Hamm obviously had divergent interests. Mr. Marcone's continued involvement in the case created *at least* the appearance of impropriety. *See* Code of Professional Responsibility, Canon 9.

Furthermore, the record shows that an actual conflict of interest continued even after Mr. Marcone was removed from Hamm's case. In addition to representing appellant, Mr. Marcone also represented appellant's mother. At one point during appellant's trial, the following exchange took place:

THE COURT: Are you trying the next case? You better worry about this client, not the next one.

MR. MARCONE: I'm not worried about Nicolella.

THE COURT: You're worried about his mother when you're doing that.

There is even more merit to appellant's claim for a new trial in this case than there was in the case of *Commonwealth v. Metzger*, 498 Pa. 678, 450 A.2d 981 (1982) where the Court held that the trial court had erred in refusing a defense request for a brief continuance during trial and a new trial was ordered.

In view of all of the circumstances of this case, we hold that the trial court abused its discretion in refusing appellant's request for a continuance in order to obtain new counsel. Therefore, appellant is entitled to a new trial.

### III.

Because of our disposition of the right to counsel issue, it is not necessary for us to discuss the questions raised by appellant concerning failure of the trial judge to recuse himself and ineffective assistance of counsel.

The Judgment of Sentence is vacated and the case is remanded for a new trial.