J-S78040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :         PENNSYLVANIA
                                   :
                  v.                   :
                                   :
                                   :
KENNETH A. FAY                   :
                                   :
            Appellant         :    No. 1692 EDA 2018

Appeal from the Judgment of Sentence May 3, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007070-2017

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS\*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED JANUARY 11, 2019**

Appellant, Kenneth A. Fay, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County following the entry of his negotiated guilty plea to the charge of driving while under the influence ("DUI")-General impairment-3rd offense, 75 Pa.C.S.A. § 3802(a)(1). After a careful review, we affirm.

The relevant facts and procedural history are as follows: The affidavit attached to the criminal complaint[1] reveals that, on July 1, 2017, Police Officer Nicholas Maraini received a call for a two-vehicle accident and responded to the intersection of W. Ridley and N. Swarthmore in Delaware County. Upon arrival, he observed a 2007 Subaru Impreza sitting at a red light. The driver

---

[1] At Appellant's guilty plea hearing, the parties agreed to rely on the affidavit for the factual basis of Appellant's plea. N.T., 4/23/18, at 22.

---

\*   Former Justice specially assigned to the Superior Court.

of the Subaru reported the operator of a Ford Focus had just struck his vehicle from behind. The officer approached the Ford Focus and the operator, later identified as Appellant, became combative, slurred his words, had bloodshot eyes, and smelled of alcohol. Appellant refused to submit to a portable breath or blood test.

Appellant was arrested and charged with DUI-highest rate of alcohol, 75 Pa.C.S.A. § 3802(c) (first-degree misdemeanor), and careless driving, 75 Pa.C.S.A. § 3714. Following a preliminary hearing, Appellant was held over for trial on the DUI-highest rate of alcohol charge but the careless driving charge was dismissed.

On April 19, 2018, the Commonwealth filed a motion to amend the Information. Specifically, the Commonwealth averred that, with respect to the DUI charge, its theory of liability was one of general impairment where Appellant caused damage to a vehicle or other property and refused chemical testing. Thus, the Commonwealth sought to amend the Information to replace the charge of DUI-highest rate of alcohol under Section 3802(c) with DUI-General impairment-3rd offense, 75 Pa.C.S.A. § 3802(a)(1). Further, for sentencing purposes, the Commonwealth sought to amend the Information to reflect the DUI charge included damage caused to vehicle or property, thus making it a tier 2 offense for sentencing purposes.

On April 23, 2018, Appellant, who was represented by counsel, proceeded to a hearing, at which the Commonwealth informed the trial court

that it had extended an offer to Appellant but that it had not received an answer from the defense. N.T., 4/23/18/4-5. The following relevant exchange then occurred:

> [DISTRICT ATTORNEY]: And I also filed a motion to amend Informations in the event this case is going to move forward into a trial posture. I think it speaks for itself, but I'll defer to [defense counsel].
>
> THE COURT: Sure. Okay.
>
> [DEFENSE COUNSEL]: Your Honor, with regard to the motion, I just received the motion this morning. I did see that the notice was set for today's hearing.
>
> THE COURT: Okay….Okay. What is that, a second offense or—
>
> [DISTRICT ATTORNEY]: So the case—no, it's alleged to be a third offense—
>
> THE COURT: Oh, okay.
>
> [DISTRICT ATTORNEY]: --second tier.
>
> THE COURT: Oh.
>
> [DISTRICT ATTORNEY]: So he would be—it's an alleged misdemeanor of the first degree—
>
> THE COURT: Okay.
>
> [DISTRICT ATTORNEY]: --and he would be eligible for jury trial if he so chose.
>
> THE COURT: Sure.
>
> [DISTRICT ATTORNEY]: The grading and the elements of the crime are addressed more fully in my motion to amend just to make clear to [Appellant] the theory that we're pursuing and the grading and the elements of the crime. So I think it would be the—if the Court would refer to the—I guess the proposed order, Count 1 would suggest the elements and the grading of the crime.

*Id.* at 5-6.

The trial court asked the Commonwealth to state on the record the offer, which had been made to Appellant. *Id.* at 6. In response, the district attorney

indicated that it offered at "Count 1, DUI, misdemeanor of the first degree, tier 2, third offense, 12 to 24 months SCI with RRRI-eligibility of nine months to be followed by three years of probation[.]" *Id.* at 7. After discussion among the parties, the trial court recessed so that the parties could further discuss the offer. *Id.* at 13.

Upon return from the recess, defense counsel announced that the parties had reached a negotiated guilty plea agreement, and the Commonwealth agreed. *Id.* at 14. The following relevant exchange occurred:

> [DISTRICT ATTORNEY]: So, Judge, Initially, the Commonwealth has a motion to amend the Information. It's actually in the motion I filed. It's the first—
>
> THE COURT: Okay.
>
> [DISTRICT ATTORNEY]: --to just have it reflect—it's a third offense, A-1, with a crash, [] so it's a tier 2.
>
> THE COURT: Okay. Okay.
>
> [DISTRICT ATTORNEY]: And it is my understanding the defense is prepared to enter a negotiated guilty plea to amended Count 1, DUI, a misdemeanor of the first degree, tier 2, third offense within 10 years, recommended sentence of 9 to 24 months in a state correctional institute. He is RRRI-eligible. The RRRI minimum is 6¾ months.
>
> THE COURT: Okay.
>
> [DISTRICT ATTORNEY]: The incarceration portion is to be followed by three years' consecutive probation. There's a $1,500 fine, a $100 special cost assessment. [Appellant] must undergo a CRN and a drug and alcohol evaluation and comply with the recommendations and complete safe driving school.
>
> THE COURT: Do we need to get that done first?
>
> [DISTRICT ATTORNEY]: Well, the—yeah, the CRN and the drug and alcohol have to be done first on both this and the other one. I was hoping—we're both hoping the Court can expedite that and we can come back—

- 4 -

THE COURT: Okay. Okay.

[DISTRICT ATTORNEY]:--for sentencing in the next couple [of] weeks[.]

THE COURT: Yes.

N.T., 4/23/18, at 14-16.

The following relevant exchange occurred between defense counsel and

Appellant regarding the entry of the negotiated guilty plea:

[DEFENSE COUNSEL]: [Appellant], I've handed up what the Judge has in front of her as a Guilty Plea Statement of instructions. Is this something that we went over now today?

[APPELLANT]: Agreement be any smaller.

[DEFENSE COUNSEL]: Is this--what I'm asking you, [Appellant], is did we have the opportunity to review your Guilty Plea Statement today?

[APPELLANT]: I understand but I don't agree.

[DEFENSE COUNSEL]: Well—well, let me ask you this. Did we go over this form today? When you were in the holding cell, did we go over this form today?

[APPELLANT]: Yeah, um-hum.

[DEFENSE COUNSEL]: And did you understand that in filling this out that you were entering a guilty plea on the case that you have, which is docketed at 7070 of 2017[?]

[APPELLANT]: You know, all 5' 6'' of me, yeah.

[DEFENSE COUNSEL]: Did you understand that you have the right to take this case to trial?

[APPELLANT]: Yeah, um-hum.

[DEFENSE COUNSEL]: And do you understand that rather than taking this case to trial, you're agreeing to enter into a negotiated guilty plea with the Commonwealth and that negotiated guilty plea is 9 to 24 months in a state correctional institution with RRRI-eligibility plus three years' probation, a $1,500 fine, a $100 cost assessment, CRN evaluation, and safe driving school, and a drug and alcohol evaluation?

[APPELLANT]: Again?

[DEFENSE COUNSEL]: Do you understand that?

[APPELLANT]: Yeah, um-hum.

[DEFENSE COUNSEL]: And do you understand that you have the right to take this case to trial?

[APPELLANT]: Yes.

*** 

[DEFENSE COUNSEL]: And is this your signature on the form?

[APPELLANT]: Yep. Yes.

[DEFENSE COUNSEL]: And you know what, I forgot to ask that. Do you understand that with—that you're pleading to a misdemeanor of the first degree and that misdemeanor of the first degree-number—number one, it's a DUI with a mandatory minimum sentence of 90 days plus a maximum sentence of five years in jail[?]

[APPELLANT]: Yes, um-hum.

[DEFENSE COUNSEL]: I'm handing up what is—Guilty Plea Statement and submit you that this is a knowing, intelligent, and voluntary guilty plea.

THE COURT: All right. . . .Have you read and reviewed the Affidavit of Probable Cause and Criminal Complaint filed in this case and did you discuss them with your attorney?

[APPELLANT]: I read it, yeah.

THE COURT: Are you offering your guilty plea because you admit that you did the things that are stated in the affidavit as it relates to DUI only?

[APPELLANT]: I have to, Your Honor.

THE COURT: Well, you don't have to but you can do that as long as it's knowing, voluntary, and intelligent.

[APPELLANT]: Okay. Yes.

THE COURT: In other words, that you understand what you're doing, which was all explained to you.

[APPELLANT]: Okay. Yeah. Um-hum.

*** 

THE COURT: All right. Has your attorney explained the meaning and the elements of the crime of DUI?

[APPELLANT]: Yeah.

- 6 -

> THE COURT: Have you read the Guilty Plea Statement and Statement of Post-sentence Rights and do you understand both documents?
>
> [APPELLANT]: Yeah.
>
> ***
>
> THE COURT: Based upon the facts as presented in the Affidavit of Probable Cause and all facts placed before this Court in these proceedings, together with your answers and responses to questions asked, I find your plea to be knowing, voluntary, and intelligent and the same is accepted by the Court. At this point, I will ask you to sign the appropriate Criminal Information evidencing the guilty plea to Count #1.
>
> [APPELLANT]: All right.
>
> THE COURT: The executed Information and the Guilty plea Statement are hereby made part of the record in this case.

*Id.* at 18-26. The written guilty plea statement reveals that Appellant understood that he was pleading guilty to driving under the influence as a misdemeanor of the first-degree.

On May 3, 2018, Appellant proceeded to a sentencing hearing, and the trial court sentenced him to nine months to twenty-four months in jail, to be followed by three years of probation. This timely, counseled appeal followed.[2]

_____

[2] We note that, while still represented by trial counsel, Appellant filed a *pro se* post-sentence motion. Since Appellant was represented by counsel, the trial court did not rule on the *pro se* motion; however, the prothonotary properly docketed the motion in accordance with Pa.R.Crim.P. 576(A)(4). On appeal, this Court issued a rule to show cause to determine whether Appellant's instant appeal was from an interlocutory order. In response, Appellant's counsel suggested Appellant's *pro se* post-sentence motion is a legal nullity and, consequently, the fact counsel filed the notice of appeal absent a trial court order disposing of the *pro se* motion does not require quashal of the appeal. We agree. ***See Commonwealth v. Reid***, 117 A.3d 777, 781 n.8

The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and after receiving an extension of time, Appellant filed the required statement. The trial court filed a Rule 1925(a) opinion on August 3, 2018.

On appeal, Appellant presents the sole issue of whether the trial court imposed an illegal sentence. Specifically, Appellant contends there was no authority for the trial court to sentence Appellant for DUI as a tier 2 offense (as opposed to a tier 1 offense) or for grading the offense as a first-degree misdemeanor (as opposed to a second-degree misdemeanor). In this vein, while Appellant acquiesces that he pled guilty to the DUI offense as if the Commonwealth's motion to amend the Information had been granted, he contends there is no indication that the trial court actually granted the motion to amend. Therefore, Appellant avers the trial court had no legitimate justification for increasing the tier or grading the DUI offense beyond that which was presented in the original Information. Accordingly, Appellant contends that he pled guilty in exchange for an illegal sentence, which must be vacated.

Initially, we note the following:

> When an appellant enters a guilty plea, [he] waives [his] right to challenge on appeal all non-jurisdictional defects except

---

(Pa.Super. 2015) (holding the filing of a *pro se* post-sentence motion while represented by counsel is a legal nullity); **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007) (same); Pa.R.Crim.P. 576 cmt. (Rule 576(A)(4)'s "requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").

the legality of [his] sentence and the validity of [his] plea. A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence. The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary. . . .If no [] authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa.Super. 2008)

(citations, quotation marks, and quotations omitted).

Pennsylvania Rule of Criminal Procedure 564 provides:

The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.

In the case *sub judice*, Appellant does not dispute that, if the record reveals the trial court approved the Commonwealth's motion to amend the Information, then the trial court had the authority to otherwise impose the sentence at issue. After a careful review, we conclude that Appellant is mistaken in his assertion that the trial court did not grant the Commonwealth's request to amend the Information.

The record reveals that, during the April 23, 2018, hearing, the Commonwealth informed the trial court that it filed a motion to amend the Information and made a plea offer to Appellant. The trial court recessed the

- 9 -

hearing so that the parties could further discuss the plea offer. Upon return from the recess, the following exchange occurred between the district attorney and the trial court:

> [DISTRICT ATTORNEY]: So, Judge, Initially, the Commonwealth has a motion to amend the Information. It's actually in the motion I filed. It's the first—
>
> THE COURT: Okay.
>
> [DISTRICT ATTORNEY]: --to just have it reflect—it's a third offense, A-1, with a crash, [] so it's a tier 2.
>
> THE COURT: Okay. Okay.
>
> [DISTRICT ATTORNEY]: And it is my understanding the defense is prepared to enter a negotiated guilty plea to **amended** Count 1, DUI, a misdemeanor of the first degree, tier 2, third offense within 10 years, recommended sentence of 9 to 24 months in a state correctional institute. He is RRRI-eligible. The RRRI minimum is 6¾ months.
>
> THE COURT: Okay.

N.T., 4/23/18, at 14-15 (bold added). The trial court, as well as defense counsel, then asked Appellant questions to determine whether he was entering a guilty plea in a voluntary and knowing manner, and in the presence of the trial court, defense counsel specifically asked Appellant whether he understood that he was pleading to the offense of DUI as a misdemeanor of the first degree. *Id.* at 21. The trial court acknowledged that Appellant signed a written guilty plea. *Id.* at 24-25. The written guilty plea specifically provided that Appellant was pleading guilty to DUI as a misdemeanor of the first degree.

Further, the trial court specifically instructed Appellant to "sign the appropriate Criminal Information evidencing the guilty plea to Count #1." ***Id.*** at 25. As Appellant admits in his brief, the certified record contains handwriting next to the initials on the Information indicating "Accident w/ property damage."[3] Appellant's Brief at 21.

Based on the aforementioned, the record adequately establishes that the trial court granted the Commonwealth's motion to amend the Information. Contrary to Appellant's suggestion, there are no "magic words" that the trial court must use in ruling on the Commonwealth's motion. ***See Commonwealth v. Nicolella***, 452 A.2d 1055 (Pa.Super. 1982). Accordingly, we reject Appellant's claim.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/19

---

[3] Appellant argues that it is unclear to whom the handwriting and initials belong. Appellant's Brief at 21. However, as indicated *supra*, the trial court directed Appellant to sign the Information. Appellant has presented no argument that the handwritten "Accident w/ property damage" was not already written on the Information prior to the initialing thereof.